UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-615-H

UNCLE PAUL CHIROPRACTIC
BUSINESS TRAINING, LLC, et al.                                                            PLAINTIFFS


V.


DR. ROBERTA L. STEVENS, D.C. and
DR. THOMAS KAVOUNAS, D.C.                                                                DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

Plaintiff in this case is the Trustee (the "Trustee") in Bankruptcy for Uncle Paul Chiropractic Business Training, LLC ("Uncle Paul's"). He has moved for summary judgment on their claims against the two remaining Defendants, Dr. Roberta Stevens and Dr. Thomas Kavounas. Neither of these Defendants have responded to the motions. Indeed, for quite some time, no one has been able to make contact with these Defendants. For that reason, in addition to the apparent soundness of the Trustee's arguments, the Court will enter the requested orders.

I.

Dr. Paul Hollern ("Hollern") incorporated and developed Uncle Paul's as a business to assist and advise individuals wishing to develop their chiropractic medical practice. This case is a consolidation of several breach of contract actions that Uncle Paul's filed in Jefferson County Circuit Court. Various defendants removed these cases to this Court. Over the course of this matter, most of the Defendants have either been dismissed due to discharge in bankruptcy or settlement with the Trustee. At present, two Defendants, Dr. Roberta Stevens and Dr. Thomas

Kavounas, remain as parties. Neither remaining Defendant is represented by counsel at this time.

A.

On December 16, 1997, Dr. Kavounas entered into a contract to purchase a chiropractic business. That contract called for payment of $350,000.00 to Hollern in addition to funds advanced. The total amount Hollern advanced was $61,881.46. By subsequent voluntary act, Hollern assigned all of his rights, privileges, title and interest under the parties' agreement to Uncle Paul's. Dr. Kavounas made periodic payments pursuant to the contract until February 2004. On or about August 3, 2007, counsel for the Trustee issued discovery requests to Dr. Kavounas, including Requests for Admission pursuant to Civil Rule 36. Dr. Kavounas did not respond to those requests.

Dr. Kavounas has been represented in this case by numerous attorneys, including Douglas Ballantine and Marvin Coan. All of them have withdrawn from representation. Since then, Dr. Kavounas has made no attempt to defend the claims against him, nor pursue his claims against Uncle Paul's, or Hollern. Dr. Kavounas also failed to appear at either the February 27, 2009, pretrial conference as well as all other hearings and conferences.

B.

On or about December 3, 2002, Dr. Stevens entered into a contract with Hollern to purchase a chiropractic business. Dr. Stevens agreed to pay to Hollern $350,000.00 pursuant to the contract plus funds that he advanced. Hollern advanced $143,265.35 to Dr. Stevens as so-called "build-out" for her business. Dr. Stevens paid back $18,276.27 in regular payments until she stopped paying altogether in September 2004.

On August 3, 2007, counsel for the Trustee issued discovery requests to Dr. Stevens, including requests for admission. Dr. Stevens responded to those requests by saying that she did not receive a copy of the complaint, and that she did not owe anything because the contract violates Ohio's fee splitting laws.

Dr. Stevens' balance due to Uncle Paul's pursuant to the contact is over $500,000.00. The balance remaining on the money advanced to her as "build-out" is $124,989.08 excluding interest and late fees. The Trustee intends to seek payment from Dr. Stevens for a reasonable amount to compensate the Bankruptcy Estate and its creditors.

Dr. Stevens was originally represented in this case by Douglas Ballantine. On February 11, 2005, Mr. Ballantine withdrew from representation of her and others. Dr. Stevens then hired Theresa Canaday of the firm of Frost Brown Todd. Ms. Canaday also withdrew from the representation. Dr. Stevens has made no attempt to defend the claims against her. Dr. Stevens also failed to appear at the February 27, 2009, pretrial conference as well as other hearings and pretrial conferences.

II.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, "a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Further, the Rule mandates that a matter "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

III.

Because Dr. Kavounas has failed to make any sort of response whatsoever to the Requests for Admission served on him at his last known address almost two (2) years ago, these Requests are deemed admitted. On the basis of these admissions, Uncle Paul's seeks judgment against Dr. Kavounas in the amount of $311,421.00 with interest and penalties as set forth in the Purchase and Management Agreement. Based on Dr. Kavounas' failure to respond to the Requests for Admissions and further his failure to take any steps to defend the claims against him in over 3 years, the request is appropriate and the Court will enter judgment.

IV.

It is undisputed that Hollern paid Dr. Stevens $143,265.35 between September 7, 2002 and October 7, 2003. It is further undisputed that Dr. Stevens only paid back $18,276.27 of that money, leaving a balance of $124,989.08. It is readily apparent that the basis for the Court's position that the build-out received by Defendants must be repaid is based on the equitable principle of "unjust enrichment." As explained in *Haeberle v. St. Paul Fire and Marine Ins. Co.*, Ky. App., 769 S.W.2d 64 (1989), the doctrine of unjust enrichment is an equitable doctrine and "is applicable as a basis of restitution to prevent one person from keeping money or benefits belonging to another." *Citing Union Central Life Ins. Co. v. Glasscock*, Ky., 110 S.W.2d 681 (1937); 66 AmJur.2d Restitution and Implied Contracts § 1 *et seq.* (1973).

Even assuming that the contract was illegal under any theories raised by other former Defendants in this case, Dr. Stevens must repay the money she took from Hollern; money that was presumably spent developing her business. Dr. Stevens apparently continues to operate that very same business to this day. Under the doctrine of unjust enrichment, Dr. Stevens must pay

4

back the money she obtained from Hollern and failed to repay.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED that the Trustee is awarded judgment against Defendant, Dr. Thomas Kavounas in the amount of $311,421.00.

IT IS FURTHER ORDERED AND ADJUDGED that the Trustee is awarded judgment against Defendant, Dr. Roberta Stevens in the amount of $124,989.08.

This is a final and appealable order.

cc: Dr. Roberta L. Stevens, D.C.
 Dr. Thomas Kavounas, D.C.
 Counsel of Record & Bankruptcy Court